# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR03-0016-LRR |
| | No. C05-0152-LRR |
| vs. | |
| MISAEL ORTIZ, | ORDER |
| Defendant. | |

This matter comes before the court on the defendant's motion to vacate, set aside or correct his sentence (Docket No. 121). The defendant's motion was filed pursuant to 28 U.S.C. § 2255.[1] For the following reasons, the defendant's 28 U.S.C. § 2255 motion shall be denied.[2] In addition, a certificate of appealability shall be denied.

---

[1] If a prisoner is in custody pursuant to a sentence imposed by a federal court and such prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the prisoner] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. *See also Daniels v. United States*, 532 U.S. 374, 377, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001).

[2] No response from the government is required because the motion and file make clear that the defendant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings. Similarly, an evidentiary hearing is not necessary. *See id. See also Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (stating district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing "if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are

(continued...)

# I. BACKGROUND

On March 4, 2003, the grand jury returned and the government filed a criminal complaint against the defendant. On March 7, 2003, the government filed an indictment which charged the defendant on two counts. Count one charged that the defendant and another did knowingly and unlawfully combine, conspire, confederate and agree, with each other and others known and unknown to the grand jury, to distribute and possess with intent to distribute approximately 100 kilograms or more of marijuana, a Schedule I controlled substance, and count three charged that the defendant did knowingly and unlawfully possess with intent to distribute approximately 115 pounds of marijuana, a Schedule I controlled substance.[3]

On April 9, 2003, the defendant filed a motion to suppress. On April 18, 2003, the defendant filed a brief in support of his motion to suppress. On the same day the government filed a resistance to the defendant's motion to suppress. On April 22, 2003, the government filed a supplement to its resistance.

On April 25, 2003, the government filed a superseding indictment against the defendant. Count one remained the same, but count three charged that the defendant did knowingly and unlawfully possess with intent to distribute, and aid and abet the possession with intent to distribute, approximately 115 pounds of marijuana, a Schedule I controlled

---

(...continued)
contradicted by the record, inherently incredible, or conclusions rather than statements of fact"); *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255).

[3] The conduct charged in count one of the indictment is in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B) and 21 U.S.C. § 846. The conduct charged in count three of the indictment is in violation of 21 U.S.C. § 841(a)(1).

substance.[4] On April 29, 2003, Chief Magistrate Judge John A. Jarvey held an evidentiary hearing regarding the defendant's motion to suppress. On May 15, 2003, the government again filed a supplement to its resistance. On May 16, 2003, Judge Jarvey continued to conduct an evidentiary hearing regarding the defendant's motion to suppress. On July 3, 2003, Judge Jarvey filed a report and recommendation in which he recommended that the defendant's motion to suppress be denied. On July 21, 2003, the government filed a response which indicated it did not object to the report and recommendation. The defendant did not file objections. On July 23, 2003, the court adopted Judge Jarvey's report and recommendation and denied the defendant's motion to suppress.

On September 16, 2003, the defendant's jury trial commenced. On September 17, 2003, the jury found the defendant guilty of both counts contained in the superseding indictment. On March 19, 2004, the court sentenced the defendant to 97 months imprisonment (97 months on each count and terms to run concurrently) and 4 years supervised release (4 years on count one, 3 years on count three and terms to run concurrently). On the same day, judgment entered against the defendant.

On March 26, 2004, the defendant filed a notice of appeal. On appeal, the defendant, among other things, challenged: (1) the court's denial of a minor-role adjustment; and (2) the court's enhancement for obstruction of justice. On June 2, 2005, the Eighth Circuit Court of Appeals affirmed the defendant's convictions and resulting sentence. *See United States v. Ortiz*, 136 Fed. Appx. 947 (8th Cir. 2005).

On August 31, 2005, the defendant filed the instant motion. In his 28 U.S.C. § 2255 motion, the defendant challenges his conviction and resulting sentence on three

---

[4] The conduct charged in count three of the superseding indictment is in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 2.

separate grounds. Specifically, the defendant claims: (1) counsel provided ineffective assistance when he failed to object to Judge Jarvey's recommendation that the motion to suppress be denied; (2) the court exceeded its authority when it imposed an enhancement for obstruction of justice; and (3) the court erred when it denied a minor role adjustment. To support his first claim, the defendant relies on *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). With regard to his second claim, the defendant relies on *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Concerning his third claim, the defendant cites *United States v. Johnson*, 358 F.3d 1016, 1017-18 (8th Cir. 2004).

The court now turns to consider the defendant's motion pursuant to 28 U.S.C. § 2255.

## II. ANALYSIS

### A. Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) his sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage

4

of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428. *See also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "[a]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (internal quotation marks and citation omitted).

In addition, defendants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). *See also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [defendant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [defendant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis in original). If a defendant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S.

5

467, 501, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24. *See also McNeal*, 249 F.3d at 749 ("[A] defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[5]

### B. The Defendant's Claims

#### 1. *Ineffective Assistance of Counsel*

The Sixth Amendment to the United States Constitution provides in pertinent part that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his [or her] defen[s]e." U.S. Const., Amend. VI. Furthermore, criminal defendants have a constitutional right to effective assistance of counsel in their first appeal. *Evitts v. Lucey*, 469 U.S. 387, 393-95, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Douglas v. California*, 372 U.S. 353, 356-57, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963).

The Sixth Amendment right to effective counsel is clearly established. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the United States Supreme Court explained that a violation of that right has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance

---

[5] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

> prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687. *See also Williams v. Taylor*, 529 U.S. 362, 390, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (reasserting *Strickland* standard). Thus, *Strickland* requires a showing of both deficient performance and prejudice. However, "a court deciding an ineffective assistance claim need not address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on grounds of lack of sufficient prejudice, . . . that course should be followed." *Id. See also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("[A court] need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice.").

To establish unreasonably deficient performance, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The "reasonableness of counsel's challenged conduct [must be reviewed] on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. There is a strong presumption of competence and reasonable professional judgment. *Id. See also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) (operating on the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance") (quoting *Strickland*, 466 U.S. at 689); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking is afforded when acting in a representative capacity) (citing *Strickland*, 466 U.S. at 694). In sum, the court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

To establish prejudice, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In other words, "the question is whether there is a reasonable probability that, absent those errors, the fact finder would have had a reasonable doubt respecting guilt." *Id.* at 695. In answering that question, the court "must consider the totality of the evidence before the judge or jury." *Id.*

Here, the defendant claims counsel provided ineffective assistance when he failed to object to Judge Jarvey's recommendation that the motion to suppress be denied. Such claim must fail for lack of proof to satisfy the two-prong test established in *Strickland*. Clearly, counsel's performance met or exceeded a professional standard of reasonableness. As the defendant acknowledges, counsel filed a motion to suppress. In such motion, counsel raised essentially all of the assertions that the defendant now makes. At the evidentiary hearing, counsel zealously represented the defendant. Despite counsel's efforts, Judge Jarvey recommended that the court deny the defendant's motion to suppress. Given the record regarding the defendant's motion to suppress, the court finds counsel's failure to submit futile objections to the report and recommendation does not constitute ineffective assistance. *Strickland*, 466 U.S. at 689. In addition, the court finds counsel's performance did not prejudice the defendant's defense. *Id.* at 692-94. Because he failed to overcome the strong presumption that the conduct of counsel fell within a wide range of reasonable professional assistance or show that any deficiencies in counsel's performance prejudiced his defense, the defendant's ineffective assistance of counsel claim fails.

### *2. Obstruction of Justice Enhancement and Minor Role Adjustment*

The defendant claims that the court exceeded its authority when it imposed an enhancement for obstruction of justice and erred when it denied a minor role adjustment. "It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981) (citing *Anderson v. United States*, 619 F.2d 777, 773 (8th Cir. 1980)). *See also Dall v. United States*, 957 F.2d 571, 572-73 (8th Cir. 1992) (relying on *Shabazz*, 657 F.2d at 190 when it concluded defendant could not raise claims already addressed on direct appeal); *United States v. Kraemer*, 810 F.2d 173, 177 (8th Cir. 1987) (concluding defendant "cannot raise the same issues in a [28 U.S.C. § 2255 motion] that have been decided on direct appeal or in a new trial motion"); *Butler v. United States*, 340 F.2d 63, 64 (8th Cir. 1965) (concluding defendant is not entitled to another review of his question). Because the Eighth Circuit Court of Appeals already addressed both sentencing claims on direct appeal, the court lacks the authority to review the merits of either claim under 28 U.S.C. § 2255.[6]

### C. Certificate of Appealability

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. §

---

[6] With respect to the defendant's reliance on *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the court notes the Eighth Circuit Court of Appeals determined on July 7, 2005 that "the 'new rule' announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." *Never Misses A Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005).

2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a defendant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)). *See also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [defendant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [defendant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds the defendant failed to make the requisite "substantial showing" with respect to all of the claims he raised

in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present questions of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the defendant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The defendant's 28 U.S.C. § 2255 motion (Docket No. 121) is DENIED.

2) A certificate of appealability is DENIED.

**DATED** this 31st day of October, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA